NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAWAYNE MOGENSEN, | No. 17-56620 |
| Plaintiff-Appellant, | No. 2:16-cv-05291-PSG-AS |
| v. | MEMORANDUM* |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted August 22, 2019**

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Dawayne Mogensen appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Mogensen's application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Molina v.*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The ALJ gave specific, clear, and convincing reasons for discounting testimony from Mogensen concerning the severity of his symptoms and limitations. *See Bray v. Comm'r Soc. Sec. Admin.,* 554 F.3d 1219, 1227 (9th Cir. 2009) (ALJ may not rely solely on lack of supporting objective medical evidence, but may consider it along with other factors); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (ALJ may consider claimant's daily activities and inconsistency between conservative treatment and severity of alleged symptoms); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (ALJ may consider evidence that treatment alleviated symptoms); *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (ALJ may consider claimant's demeanor).

The ALJ proffered specific and legitimate reasons, supported by substantial evidence, for discounting the contradicted opinions of treating physicians Drs. Billington, Montgomery, Kahmann, DiGiaro, and Van Kirk. *See Bray*, 554 F.3d at 1228. The ALJ's errors in rejecting Dr. Billington's opinion because she does not specialize in mental health treatment and Dr. Montgomery's opinion based on information about his treatment of other patients were harmless because the ALJ provided other specific and legitimate reasons for discounting the opinions. *See Molina*, 674 F.3d at 1115.

Although the ALJ erroneously attributed PA Ebling's June 2014 opinion to Dr. Kahmann, Mogensen has not shown that this error affected the nondisability determination. *See* 20 C.F.R. § 404.1527(d) (opinions as to whether claimants are unable to work are "not medical opinions" as this issue is reserved to the Commissioner). Any error therefore was harmless. *See Molina*, 574 F.3d at 1115.

Mogensen has not shown any error in the ALJ's formulation of his Residual Functional Capacity. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174-75 (9th Cir. 2008) (upholding an ALJ's translation of moderate limitations concerning concentration or pace into a limitation to unskilled work); *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (finding no error where claimant did not point to any evidence of functional limitations due to an impairment).

**AFFIRMED.**